Filed 11/16/22  P. v. Saechao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C095794 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F01200) |
| v. | |
| NAI SAECHAO, | |
| Defendant and Appellant. | |

In 2007, defendant Nai Saechao pled guilty to first degree murder and admitted the perpetrator was armed with a firearm and intentionally killed the victim by lying in wait. In 2021, defendant filed a petition for resentencing under Penal Code section 1172.6[1] (former section 1170.95), which the trial court denied.  Defendant appeals that denial,

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.)

1

contending the trial court erred in finding him ineligible for relief as a matter of law. We will affirm the judgment.

## I. BACKGROUND

The factual basis for defendant's 2007 guilty plea was drawn from the prosecution's trial brief, summarized on the record as follows:

"[I]n 2005 the defendant was married—had a common law marriage with the victim Si Saeturn. And in the summer or the spring of 2005 the defendant began an extra-marital relationship with Mimi Le, who became pregnant, that the defendant's wife, the victim in this case, Si Saeturn, learned about the affair, tried to stop it, that in the fall of 2005 the defendant and Mimi Le began to conspire to have the victim Si Saeturn killed, that in efforts to do that the defendant made various attempts to obtain a firearm, that Mimi Le made various attempts to obtain a firearm, that in fact the defendant approached his cousins, a Khae Saephanh and Lo—and Chiang Saephanh and also a friend of theirs named Lo Saephanh and they became involved with the conspiracy on the defendant's behest to have his wife murdered.

"And ultimately on the 29th of December, 2005, the defendants Khae Saephanh and Lo Saephanh went to a park where they essentially recruited a juvenile . . . and offered him money—up to $400 if he would actually commit the killing. They drove the juvenile to the scene of where the victim was working. Around [10] p.m. she got off work, left her business. [The juvenile] came up to her and shot her once in the head and once in the abdomen. He had been waiting—lying in wait for at least 10 to 20 minutes hiding behind a wall for her to come out to catch her by surprise which he did.

"The evidence will show that the defendant in this case aided and abetted Khae Saephanh, Lo Saephanh, and [the juvenile] by conspiring with them, by orchestrating the procurement of a weapon and ammunition for that weapon to be used in this murder."

Defense counsel agreed the factual basis "would be a sufficient basis for this plea." Defendant personally indicated he did not disagree with the factual basis. He pled

2

guilty to murdering Si "unlawfully and with malice aforethought and with premeditation and deliberation" (§§ 187, subd. (a), 189), admitted the special circumstance that she was intentionally killed by lying in wait (§ 190.2, subd. (a)(15)), and admitted an allegation that a principal was armed with a firearm (§ 12022, subd. (a)(1)). In exchange, a count of murder of a fetus, a multiple murder special circumstance allegation (§ 190.2, subd. (a)(3)), and a count of conspiracy (§ 182, subd. (a)(1)) were dismissed in the interest of justice. Pursuant to the plea agreement, defendant was sentenced to state prison for life without the possibility of parole, plus one year. We affirmed the judgment with a modification to defendant's custody credits. (*People v. Saechao* (May 5, 2008, C056926) [nonpub. opn.].)

In March 2022, the trial court denied defendant's 2021 petition for resentencing pursuant to section 1172.6, which grants resentencing relief to those convicted under now-defunct theories of imputed malice based solely on their participation in a crime. The court concluded defendant was ineligible for relief as a matter of law because "readily ascertainable facts in the record show that his murder conviction is still valid under current law," namely, "the stipulated factual basis show[s] that Saechao conspired with his lover to kill his wife; recruited people to do the killing; provided those people with ammunition; helped develop the plan for carrying it out by lying in wait; and then pressured them into carrying out the murder." The court noted that "[t]he record contains no factual circumstances that support the notion that Saechao was prosecuted under either a felony murder or [natural and probable consequences] theory." And, "when Saechao admitted that the lying-in-wait special circumstance was true, he necessarily acknowledged that he acted with the intent to kill." The court concluded, "there is simply no plausible basis to support the notion that Saechao's murder conviction was premised on a defunct felony-murder or [natural and probable consequences] theory."

3

## II. DISCUSSION

Defendant contends the trial court erred when it ruled his resentencing petition did not present a prima facie case for relief because his stipulation to the prosecution's recitation of facts reflected in its trial brief "did not foreclose the possibility of the defense presenting facts that could have undermined or countermanded the prosecution's evidence." We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats, 2018, ch. 1015; Senate Bill 1437), which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) As amended, section 188 provides that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Senate Bill 1437 added subdivision (e) of section 189 to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95, "which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) If a prima facie showing of eligibility is made, the trial court must issue an order to show cause and hold

4

an evidentiary hearing to determine whether to vacate the conviction and recall the sentence.  (§ 1172.6, subds. (c), (d).)  The burden shifts to the prosecution to prove beyond a reasonable doubt that the petitioner is guilty of murder under the amended versions of sections 188 and 189.  (*Id.*, subd. (d)(3).)

To make a prima facie case for eligibility under section 1172.6, the petitioner must show:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . .  [¶]  (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petition could have been convicted of murder . . . .  [¶]  (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)  "[T]he 'prima facie bar was intentionally and correctly set very low.' "  (*People v. Lewis, supra*, 11 Cal.5th at p. 972.)  The trial court must accept the petitioner's allegations as true and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Ibid.*)  "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.  This is consistent with the statute's overall purpose:  to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process."  (*Id.* at p. 971.)

A petitioner is ineligible for relief as a matter of law if the record of conviction shows that he or she was not convicted under a theory of liability affected by Senate Bill 1473's amendments to the law of murder.  (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864.)  One such theory, applicable here, is directly aiding and abetting murder.  "Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought."  (*People v. Gentile* (2020) 10 Cal.5th 830, 848.)  Under "direct aiding and abetting

5

principles, an accomplice is guilty of an offense perpetrated by another if the accomplice aids the commission of that offense with 'knowledge of the direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends.' " (*Id*. at p. 843.)

Here, defendant necessarily admitted to directly aiding and abetting murder with malice aforethought when he pled guilty to first degree murder of Si. He admitted the killing was committed intentionally by lying in wait, which requires intent to kill. (See *People v. Robbins* (2018) 19 Cal.App.5th 660, 670 [" ' "Lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill" ' "].) Had he proceeded to trial, he faced the charge of conspiracy to commit murder, which also requires intent to kill. (See *People v. Swain* (1996) 12 Cal.4th 593, 602, 607.) Instead, he personally acceded to the prosecution's summary of the factual basis for his plea, which established defendant sought to have Si killed and orchestrated the procurement of a firearm and ammunition to achieve that end. Moreover, unlike the authorities defendant relies on, there is no mention in this record of a lesser crime that could have been used as the basis for felony murder liability or as a target offense under the natural and probable consequences doctrine. (Compare *People v. Eynon* (2021) 68 Cal.App.5th 967, 978 [defendant admitted murder was committed during a robbery]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 239 [evidence of intent to participate in target offense of assault].) The record thus admits of no factual dispute that defendant, as a direct aider and abettor to murder, harbored murderous intent. Accordingly, no weighing of evidence or exercise of discretion was necessary for the trial court to conclude defendant is, as a matter of law, ineligible for relief under section 1172.6.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

EARL, J.